

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Walter Woodul, Member Board of Regents
State Teachers' Colleges of Texas
Chronicle Building
Houston 2, Texas

Honorable Walter A. Koons, Division Counsel
Federal Works Agency
Bureau of Community Facilities
702 Electric Building
Fort Worth 2, Texas.

Gentlemen:                      Opinion No. 0-7335

Re: Whether or not the governing
bodies of the State-owned and oper-
ated educational institutions may
delegate to a representative the
authority to act on behalf of such
governing body and college, as is
generally set out in a form of reso-
lution submitted; and other related
questions.

Your request for an opinion from this department upon
the above titled subject-matter is as follows:

"On last Friday, September 13th, Governor
Walter Woodul, as a member of the Board of Regents
of the State Teachers' College of Texas, and I dis-
cussed with various members of your staff certain
questions relating to the Veterans' Educational
Facilities program. The law under which the agency
is operating is known as Public Law 697, 79th Con-
gress, approved August 8, 1946. I enclose a copy
of the regulations for Veterans' Educational Facil-
ities in which is quoted the enabling law.

"The Bureau of Community Facilities has
been given the responsibility, under regulations is-
sued by the Federal Works Administrator, for the ad-
ministration of the enabling law, Section 504 of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Lanham Act, as amended.  The purpose of the enabling
law and the regulations is to assist in relieving
acute shortages of educational facilities required
for persons engaged in the pursuit of courses of
training or education under Title II of the Service-
men's Readjustment Act of 1944, as amended.  Such as-
sistance is to be provided by the use or re-use of
available Government surplus structures or facili-
ties at any educational institution where the United
States Commissioner of Education or his authorized
representative finds such shortages exist or impend.

"In order to expedite the Veterans' Educat-
ional Facilities Program, the governing body of the
applicant will be asked to designate and authorize a
representative to act for the applicant, to the ex-
tent permitted by local law or charter, in all mat-
ters relating to the provision of the educational
facilities requested, including without limitation
the preparation and submission of applications, the
making of agreements, and the acceptance of any edu-
cational facilities.

"The enabling law provides that;  'At any
educational institution...where the Commissioner of
Education shall find that there exists or impends
an acute shortage of educational facilities, other
than housing, required for persons engaged in the
pursuit of courses of training or education under
Title II of the Servicemen's Readjustment Act of
1944, as amended, the Federal Works Administrator
is authorized, upon request of such educational in-
stitution, to provide such educational facilities...'.

"In order to enable the United States Com-
missioner of Education or his authorized representa-
tive to make such a finding, and to furnish informa-
tion to the Bureau of Community Facilities, each eli-
gible applicant requesting assistance under this law
shall file a 'Justification of Need'.

"Attached hereto is a sample copy of the
'Justification of Need', specifying the information
required by the United States Commissioner of Educa-
tion and containing instructions for its preparation.
The 'Justification of Need' is not an application
for the provision of educational facilities and will
not be so considered.

"The Division Engineer will notify the applicant when the request has been approved in whole or in part, and surplus property has been made available to the Bureau. The applicant will then be required to enter into whatever agreements may be necessary to carry out the work.

"To the fullest extent practicable the educational facilities to be provided by the Government shall be provided by the use or re-use of available and suitable structures and facilities, including equipment, materials, and furnishings, under the jurisdiction or control of any Federal agency which in the determination of the War Assets Administrator or his designated representative are available for such use or re-use.

"Under the enabling law and regulations the Bureau of Community Facilities may not acquire or prepare the site or install streets or utility mains.

"Preparation of the site includes clearing, grubbing, grading and drainage where necessary, but does not include the installation of foundations for the requested educational facilities.

"It is the responsibility of the applicant to provide the necessary architectural and engineering services for the facilities to be installed or erected on the applicant's site.

"The erection or installation of Federal surplus structures or facilities will be the responsibility of the Federal Works Agency, and will be performed by contract methods as a Federal undertaking. Written authority to enter upon and use the site for the purpose of installing or erecting educational facilities must be furnished to the Division Engineer before the contractor will be authorized to begin work.

"Although the provision of the facility is a Federal undertaking, it is essential that there be close cooperation between all interested parties to insure its completion in a satisfactory manner in the shortest possible time.

"The interests of the Government in the educational facilities provided under the enabling law and

installed or erected on sites provided by the institution may be transferred to the educational institution when they are completed and ready for use, and the institution shall assume full responsibility for their maintenance and operation.

"Under some situations the government may permit the use of surplus government facilities on land which is under the control of the government and in which the government desires to continue an interest.  In these cases the facilities provided will not be transferred to the educational institution, but may be made available to such institution for the training and education of veterans.

"The educational institution will be required to execute receipts to the Bureau of Community Facilities for all educational facilities or equipment provided under the enabling law.

"Attached also is a sample copy of BCF Form 300 which will be the agreement between the Government and the college.  The form will be completed by inserting the proper dates, name of college, a description of the site upon which the buildings are to be located and a general description of such buildings.  It is most desirable that this agreement be executed on behalf of the college by the representative to be appointed therefor.

"Also enclosed is BCF Form 304 which can either be executed by your office or some local attorney who is familiar with the facts concerning the title to the land upon which the buildings are to be located.  We will request these certificates at a later date.

"BCF Form 305 is a transfer by the Government of the facilities to the college and a receipt therefor by the college.  This instrument should also be executed by the representatives to be appointed.

"With the explanations heretofore set forth it is earnestly requested that you let me have your opinion, addressed jointly to Governor Woodul and myself with respect to the following questions:

527

"1.  May the governing bodies of all of the
     state owned and operated educational in-
     stitutions delegate to a representative
     the authority to act on behalf of such
     governing body and college as is gener-
     ally set out in the enclosed sample
     resolution.

"2.  Can the public educational institutions
     of Texas lawfully expend their 'local',
     'revolving' or any other fund to pro-
     vide the engineering services and the
     work in connection with the site as is
     set forth herein.

"3.  Can the governing boards of state insti-
     tutions involved agree to accept these
     facilities upon their completion and to
     use them for effectuating the objectives
     of the enabling law.

     "It will be highly appreciated if you will
not limit your opinion in this matter to the powers
of the board of regents for the Texas State Teachers
Colleges but to let it cover all of the public insti-
tutions of higher learning owned and operated by the
State of Texas.

     "I have on my desk at this time documents
from many of the State Educational Institutions and
I will appreciate your expediting your opinion in
this matter to the end that we may commence construc-
tion of the facilities at the earliest possible date."

     The form of resolution mentioned by you, and attached
to your request, is as follows:

     "WHEREAS,_____(herein called the
                   (name of applicant)
'Applicant'), acting by and through its governing body,
upon the basis of available data, has found that there
exists or impends an acute shortage of educational fa-
cilities required for persons engaged in the pursuit
of courses of training or education under Title II of
the Servicemen's Readjustment Act of 1944, as amended,

and to relieve such shortage proposes to request
the United States of America through the Bureau of
Community Facilities, Federal Works Agency, (here-
in called the 'Government'), to provide education-
al facilities, pursuant to Public Law 697, 79th
Congress, (Section 504 of the Lanham Act, as amend-
ed), and in connection therewith, has examined and
considered such law, the Regulations, the Informa-
tion for Applicants, the form of application and
the form of proposed agreement;

"NOW, THEREFORE, be it resolved by the _____
_____ of the Applicant
(governing body of applicant)
(herein called the 'Governing Body') that a justi-
fication of need and that an application or appli-
cations be filed, in such form as may be required
by the Government, to provide such educational fa-
cilities as are required to alleviate such acute
shortage, and that the Applicant will comply with
the various requirements and conditions necessary
to enable the Government to provide such facili-
ties; and

"BE IT FURTHER RESOLVED that _____
                                (name of repre-
_____ is hereby designated as the Appli-
sentative)
cant's Representative and is authorized in his ca-
pacity as such Representative to file with the
Government a justification of need and an applica-
tion or applications to negotiate, execute, and
enter into an agreement or agreements with the
Government in substantially the form of agreement
considered by the Governing Body, to negotiate,
execute and enter into such other agreements and
instruments and to perform and do any and all acts
as may be necessary to provide a suitable site and
site preparation, streets or roadways, sidewalks,
landscaping, utility mains, technical or engineer-
ing data, architectural or engineering services,
necessary rights of entry and rights of way for
Government operations, to accept on behalf of the
Applicant ownership and possession of such facili-
ties, to assure the Government that such facilities
will be utilized by the Applicant to carry out the
purposes of such law, and to do or perform any and
all other acts that are necessary to accomplish the

purposes of the Applicant's application, to perform
the Applicant's obligations under its agreement with
the Government, and to obtain the provision of such
facilities."

The form of agreement contemplated in the government-
al plan, which also accompanies your request, is as follows:

"This Agreement entered into this ____day of
_____, 194__, between the United States of
America (herein called the 'Government'), acting by
and through the Bureau of Community Facilities, Fed-
eral Works Agency, and_____(herein called
the 'Applicant'), a _____, duly organized and
existing by virtue of the laws of _____;

"WITNESSETH: That pursuant to the application
of the Applicant and for the purpose of carrying out
Public Law 697, 79th Congress, approved August 8,
1946, (herein called the 'Enabling Law'), the par-
ties hereto do hereby agree, in consideration of the
mutual promises and undertakings herein specified
and in accordance with the authority granted to the
authorized representative of the Applicant, as fel-
lows:

"1.  Undertaking by the Government: The Govern-
ment agrees that, at its own cost and expense and
through the use or reuse of structures or facilities,
including improvements, equipment, materials, or fur-
nishings available or made available to the Federal
Works Administrator pursuant to such Enabling Law, it
will:

"(a)   Provide for the Applicant, in or about
the locality or localities indicated
below, the following described educa-
tional facilities (herein called 'Edu-
cational Facilities'):

"(b)   Make necessary connections to the utility
mains made available by the Applicant pur-
suant to this Agreement;

"(c)   Transfer possession and ownership of the

Educational Facilities to the Applicant
as soon after installation as practic-
able.

"2.　Undertaking by the Applicant:　The Applicant
agrees that where needed and to the extent required
by the Government, but without any cost or expense
to the Government, it will:

"(a)　Furnish satisfactory detailed plot plans
showing topography, adjacent buildings,
streets and utilities on and near the
site or sites of the proposed facilities,
drawings and specifications and other
architectural and engineering services,
including staking and layout of locations
and utility mains.

"(b)　Furnish a suitable site or sites for the
Educational Facilities, provide satis-
factory evidence of title or adequate
possessory interest, and prepare such
site or sites by clearing, grubbing,
grading and drainage.

"(c)　Provide necessary streets or roadways,
sidewalks, landscaping and utility
mains required in connection with any
structures that are to be provided by
the Government under this Agreement,
all in accordance with the approved
plans and specifications.

"3.　Right of Entry:　The Applicant hereby grants
to the Government, its agents, representatives and con-
tractors (and their employees) full right, power and
authority to enter upon the above-mentioned site or
sites together with all necessary rights of way thereon
and rights of ingress to and egress from the site or
sites provided by the Applicant for the purposes of this
Agreement, with all necessary right and authority to per-
form thereon, without undue interference, such acts and
things as may be necessary to the performance of the
Government's obligation hereunder.

"4.　Cooperation:　The Applicant agrees that it, its
agents, employees and contractors will cooperate fully
with the Government, its agents, representatives and con-

531

tractors, and the Applicant further agrees that it
will coordinate its work with the activities of the
Government under this Agreement so that the opera-
tions under this Agreement may proceed in an order-
ly manner and with dispatch.

"5.   Transfer and Use of Facilities:  The Appli-
cant agrees that it will accept and use the Educatione-
al Facilities, when they are transferred to it by the
Government, for effectuating the purposes of the En-
abling Law and this Agreement, and that simultaneous-
ly with such transfer it will execute a receipt for
such facilities in form satisfactory to the Govern-
ment.

"6.   Government Non-Intervention:  Nothing here-
in shall be construed as vesting in any department
or agency of the United States power to exercise any
supervision or control over the Applicant, or such
facilities when transferred to the Applicant, nor
shall any of the provisions hereof be construed as
prescribing or affecting the Applicant's administra-
tion, personnel, curriculum, instruction, methods of
instruction, or materials for instruction."


We answer your first inquiry in the affirmative.  More
specifically, we are of the opinion that the proposal outlined
above does not involve the unlawful delegation of official pow-
ers, within the forbidding rules of law, but on the contrary, it
is the mere details of a policy officially declared by the govern-
ing bodies of the respective institutions.

In regard to question 2, we are of the opinion that un-
der existing appropriations, local and institutional funds are
available to all State-supported institutions of higher learning,
except the University of Texas and the Agricultural and Mechani-
cal College, to defray the architectural and engineering costs
and expenses for work in connection with the site set forth in
the proposed undertaking of said institutions, as outlined in
your letter.  (Chap. 377, Acts 49th Leg.)

Such expenditures on behalf of the University of Texas
and the Agricultural and Mechanical College are limited to appro-
priations from other than the General Fund. (Sec. 14, Art. VII,
Const. of Texas), and hence their local institutional receipts,
revolving funds and other appropriations from the General Fund
are not expendable for the purposes enumerated.  See:  Gulf Ins.

532

Co. v. James, 143 Tex. 424, 185 s. W. (2) 966; State Pharmaceutical Ass'n. v. Dooley, (Civ. App.), 90 s. w. (2) 328. However, your attention is directed to the fact that the current appropriation acts authorize the expenditure of the balances from the Available University Fund allocated to the University of Texas, and to Agricultural and Mechanical College for permanent improvements, equipment, repairs and physical plant operation and maintenance; the expenditures contemplated by your second inquiry are therefore within the purposes for which the balances in the Available University Fund are appropriated to the two institutions. (Acts, 49th Leg., p. 632; p. 725)

We answer your third inquiry in the affirmative.

The answers above given cover the governing boards of all state institutions embraced in your letter of request, and this opinion may be taken as applicable individually to such institutions.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

APPROVED OCT 9, 1946

Grover Sellers
ATTORNEY GENERAL OF TEXAS

OS-MR

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN